[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14952
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00104-WS-B-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHANEY DARNELL THOMAS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 28, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

The Government moves to dismiss this appeal by reason that Appellant Chaney Darnell Thomas has waived the right to pursue it.  For the reasons described below, we grant the Government's motion.

Thomas pleaded guilty to three counts of drug and firearm offenses.  *See* 18 U.S.C. § 922(g)(1); *id.* § 924(c)(1)(A); 21 U.S.C. § 841(a)(1).  As part of his plea agreement, he waived both the right to appeal his conviction or his sentence and the right to file a collateral attack under 28 U.S.C. § 2255.  He reserved, however, his right to timely appeal (1) a sentence imposed in excess of the statutory maximum, (2) a sentence that upward departs from the sentence prescribed by the United States Sentencing Guidelines (the "Guidelines"), or (3) a sentence that varies from the sentence prescribed by the Guidelines, *see* 28 U.S.C. § 3553(a).  He also reserved his right to claim ineffective assistance of counsel, *see* U.S. Const. amend. VI, via both direct appeal and collateral attack.  And he reserved all his rights to appeal should the Government itself choose to initiate an appeal.

The Guidelines prescribed a range of 262 to 327 months, and the District Court imposed a sentence of 262 months.  Thomas, through counsel, then filed a timely appeal with this Court on the grounds that his sentence was substantively unreasonable.

We enforce a waiver of a right to appeal a sentence so long as the waiver was made "knowingly and voluntarily."  *United States v. Bushert*, 997 F.2d 1343,

2

1350 (11th Cir. 1993).  To ensure this requirement is met, we usually require a district court that accepts a waiver to "specifically discuss[] the sentence appeal waiver with the defendant during the Rule 11 hearing."  *Id.* at 1351; *see also* Fed. R. Crim. P. 11(b) (outlining the procedural requirements for considering and accepting a defendant's plea).  The District Court did precisely that.

The issue that Thomas raises on appeal—the substantive reasonableness of his sentence—is waived because his sentence of 262 months falls within the Guidelines range and does not exceed the statutory maximum.  He does not challenge the effectiveness of his counsel.  And the Government did not appeal Thomas's sentence.  As such, Thomas's appeal is barred by the plain text of his waiver.

The Government's motion to dismiss Thomas's appeal is **GRANTED.**

**SO ORDERED.**

3